## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ERIC INGRAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal Case No.  18-10060 |
| | ) | Civil Case No.  20-1302 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Before the Court is Petitioner Eric Ingram's ("Petitioner") Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255. ECF No. 80.[1] For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

In September 2018, a detective with the Washington, Illinois Police Department and a task force officer with the Department of Homeland Security received two CyberTipline reports indicating that the Petitioner was communicating with a fifteen-year-old on Facebook and requesting sexually explicit pictures and videos from the minor. ECF No. 44 at 17-21. A residential search warrant was conducted at Petitioner's residence where several electronic devices, including Petitioner's phone, were recovered. *Id.* at 20. Petitioner provided a statement to the Washington Police Department and agents from Homeland Security that he used his Facebook account to talk to the minor victim, knew the minor victim personally, and admitted that he traded several sexual-related files with the minor victim via Facebook Messenger in July or August of 2018. *Id.* at 21.

---

[1] All citations are to Petitioner's criminal docket 18-10060.

Petitioner also admitted that he knew she was underage *Id*. at 15. Additionally, the minor victim was identified and interviewed, and admitted that she created sexually explicit images at Petitioner's request and sent them through Facebook. *Id*. at 21.

On October 4, 2018, a complaint was filed alleging Petitioner committed the offense of receipt of child pornography on or about July 20 and July 31, 2018. ECF No. 1. On October 16, 2018, a grand jury indicted Petitioner of two counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). ECF No. 13. On December 4, 2018, Petitioner entered into a blind plea without the benefit of a written plea agreement. Docket entry 12/4/2018. At the change of plea hearing, Petitioner admitted to using his phone to talk to the minor victim, along with requesting nude photos of her genital area, even though she was underage. ECF No. 44 at 15-16. The Court also confirmed that he was knowingly and voluntarily entering the plea, that he was giving up certain rights, and that he had no questions about the charges, possible penalties, trial rights, and consequences of the plea. *Id*. at 3-24.

On August 20, 2019, the Court sentenced Petitioner to 160 months' imprisonment on each count to run concurrently with each other, followed by eight years of supervised release. ECF No. 31. At the sentencing, the Court discussed Petitioner's lack of criminal history, good work ethic, and strong support system. ECF No. 44 at 33-44. Both parties waived full reading of the supervised release conditions, and the Court advised Petitioner of his right to appeal. *Id*. at 41-42; 44.

On September 23, 2019, Petitioner submitted a letter to the Court that was filed as a notice of appeal. ECF No. 34. On October 16, 2019, Mr. Schierer filed a motion for voluntary dismissal, and the Seventh Circuit Court subsequently dismissed the appeal. ECF No. 46. On August 24, 2020, Petitioner filed this instant § 2255 Motion. ECF No. 80. On November 21, 2020, the

Government filed a response. ECF No. 86. On January 11, 2021, Petitioner filed his reply. This Opinion follows.

## STANDARD OF REVIEW

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). If a petitioner is able to successfully assert a violation, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). This is an extraordinary remedy because a petitioner seeking § 2255 relief has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Post-conviction relief under § 2255 "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citation omitted). In deciding a § 2255 motion for post-conviction relief, "evidence and inferences drawn from it are viewed in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

 A Section 2255 motion does not require an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Mere speculation does not warrant an evidentiary hearing, as the petitioner must file a detailed and specific affidavit showing "the petitioner has actual proof of his allegations beyond mere unsupported assertions." *Kafo v. United States*, 467

F.3d 1063, 1067 (7th Cir.2006). It is well-established that the affidavit is "a threshold requirement; its absence precludes the necessity of a hearing." *Id.*

In the present case, an evidentiary hearing is not required. After careful review of the § 2255 Motion, files, and records, the Court concludes that any factual matters raised by the Motion may be resolved on the papers.

## ANALYSIS

### I.    Ineffective Counsel

The right to counsel is the right to effective assistance of counsel. *Missouri v. Frye*, 132 S.Ct. 1399, 1404 (2012). To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the *Strickland* test requires both deficient performance and prejudice, an ineffective assistance of counsel claim can fail for lack of prejudice "without ever considering the question of counsel's actual performance," and vice versa. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In order to establish deficient performance, "the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.' " *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688)). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotations and citation omitted). "Importantly, '[j]udicial scrutiny of counsel's performance must be highly

deferential,' indulging a 'strong presumption' of effectiveness to combat 'the distorting effects of hindsight.' " *Atkins v. Zenk*, 667 F.3d 939, 944–45 (7th Cir.2012) (quoting *Strickland*, 466 U.S. at 689).

### A.    Pretrial Counsel

Robert Alvarado represented Petitioner at the beginning of the case through the change of plea. Charles Schierer was appointed as counsel after the change of plea and represented Petitioner at sentencing through appeal.

Under Petitioner's first ground, he argues that he received ineffective assistance of pretrial counsel. Specifically, Petitioner complains of the following issues:

1) Counsel failed to inform Mr. Ingram of the consequences of pleading guilty and the enhancement of sentience via PSR[2]

2) Counsel failed to file any pretrial motions

3) Counsel failed to communicate with Mr. Ingram including providing discovery so he could make an informed decision with regard to pleading guilty or preceding to trial

4) Counsel failed to attempt to negotiate a favorable plea agreement for Mr. Ingram

ECF No. 80 at 4. The Government argues that Mr. Alvarado effectively communicated with Petitioner throughout his representation by thoroughly reviewing the case with him and informing him of his options.

A petitioner alleging ineffective assistance of counsel in negotiating a plea agreement must show (1) that counsel's performance was deficient; and (2) that petitioner was prejudiced to such an extent that, but for counsel's errors, there is a reasonable probability that the outcome would have been different. *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016). "In other

---

[2] PSR refers to Presentence Investigation Report. ECF No. 27.

words, a defendant must demonstrate a reasonable probability that the outcome of the plea process would have been different with competent advice." *Id.* In order to satisfy the second, or "prejudice," requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Furthermore, while "a gross mischaracterization of the sentencing consequences of a plea may strongly indicate deficient performance, it is not proof of deficiency." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006). Rather, the Court must assess "whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence. An inaccurate prediction of a sentence alone is not enough to meet this standard." *Id.*

The record reflects that Petitioner was advised and understood the consequences of pleading guilty. In his affidavit, Mr. Alvarado asserts that Petitioner "listened carefully" and appeared to understand what the consequences of his guilty plea would be. ECF No. at 86-1 at 1. Furthermore, during the change of plea colloquy, the Court thoroughly explained the potential sentencing ranges to Petitioner, including possible sentencing enhancements. Petitioner stated that he did not have any questions concerning the consequences of his plea and confirmed that he reviewed the sentencing guidelines with Mr. Alvarado. ECF No. 44 at 7, 8. "Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well . . . a defendant is normally bound by the representations he makes to a court during the colloquy." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). Accordingly, the Court finds that counsel did not fail to inform Petitioner of the consequences of pleading guilty.

While Petitioner claims Mr. Alvarado was ineffective for failing to file a pretrial motion, he does not state what motion should have been filed or what arguments needed to be raised. Regardless, in his affidavit, Mr. Alvarado states that Petitioner decided early in the process to accept responsibility for the offense and did not ask Mr. Alvarado to file any motions. ECF No. 86-1 at 2. Mr. Alvarado also states that he did consider and discuss potential challenges under the Fourth and Fifth Amendments, but the images of child pornography were intercepted by Facebook and turned over to the National Center for Missing and Exploited Children ("NCMEC") before law enforcement was involved. *Id.* In examining counsel's conduct, courts are "highly deferential" to counsel and presume that the decisions constitute reasonable litigation strategy. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005). Accordingly, the Court finds that counsel was not ineffective for failing to file a pretrial motion.

Furthermore, the Court also finds Mr. Alvarado was not ineffective as it relates to Petitioner's claim about access to discovery. According to Mr. Alvarado's affidavit, he met with Petitioner on several occasions and "offered him opportunities to review discovery when I visited him but did not leave a copy with him of course. He never told me that he felt at a disadvantage because he could not physically keep a copy of his discovery." ECF No. 86-1 at 3.

Lastly, Petitioner asserts that Mr. Alvarado was ineffective in that he failed to negotiate a favorable plea agreement on his behalf; however, Petitioner presents no evidence that the Government offered a plea agreement, or that he would have accepted it if there was an offer. *See Key v. United States*, 72 F.App'x 485, 487 (7th Cir. 2003) (opining that petitioner could not show that he would have received a more favorable sentence when the government had not offered a plea agreement, and therefore, counsel's performance was not objectively unreasonable). Petitioner cannot show that, but for counsel's errors, the result would be different because he

"never provided any facts to show that the government offered, or would have considered offering, any plea agreement for a lesser sentence." *Id.* at 488. In his affidavit, Mr. Alvarado states that:

> [Petitioner] did not propose any potential plea agreement he was willing to accept, and it is not my practice to pursue a plea agreement with the government unless my client authorizes it. The government did not offer any potential plea agreement and in my experience it would have been highly unusual if the government would have accepted any proposal from Mr. Ingram that did not fall within the advisory guidelines.

ECF No. 86-1 at 3. Accordingly, the Court finds that counsel was not ineffective for failing to negotiate a plea agreement.

### B.   Review of Pre-Sentence Report

Under Petitioner's second ground, he states that he received ineffective assistance of counsel in review of the PSR. Specifically, Petitioner complains of the following issues:

> 1) Counsel failed to consult expert [sic] in electronic interstate commerce
>
> 2) Counsel instructed Mr. Ingram that he could only make disputes against "offender characteristics" portion of the PSR
>
> 3) Counsel failed to present Victim Impact Statement to Mr. Ingram to dispute any factual assertions
>
> 4) Counsel failed to inform Mr. Ingram of any facts to dispute on PSR containing relevant conduct

ECF No. 80 at 5.

Regarding an electronic interstate commerce expert, the Government argues that this allegation is meritless and neither attorney, Mr. Alvarado nor Mr. Schierer, was ineffective.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Strickland*, 466 U.S. at 689. Counsel's conduct is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.*

Here, Mr. Alvarado recognized that an interstate commerce expert would have been frivolous because Facebook's servers are in California and Petitioner's phone used traveled in interstate commerce. ECF No. 86-1 at 4. Mr. Schierer also did not discuss obtaining an expert in interstate commerce.  ECF No. 86-2 at 3. The Court finds that the attorneys were not ineffective, because it is well-established that an instrument that uses the internet qualifies as interstate commerce; thus, rendering any argument of Petitioner's use of Facebook and the internet not crossing state lines fruitless. *See United States v. Horne*, 474 F.3d 1004, 1006 (7th Cir. 2007) (finding that the internet crosses state and international boundaries).

Whether a petitioner who pleaded guilty can establish prejudice from counsel's failure to investigate, depends on if the information that might have been discovered "would have led counsel to change his recommendation as to the plea." *Richardson v. United States,* 379 F.3d 485 (7th Cir. 2004). In this matter, the Court finds that neither Mr. Alvarado nor Mr. Schierer were ineffective in counseling Petitioner on challenging the PSR regarding relevant conduct or making disputes against "offender characteristics." The Seventh Circuit has stated:

> [T]he district court is not bound by the Federal Rules of Evidence during a sentencing hearing and thus, may rely on any information presented at a sentencing hearing, including the PSR, so long as this information has sufficient indicia of reliability to support its probable accuracy. When the district court relies on information contained in the PSR, the defendant bears the burden of showing the information is inaccurate or unreliable. The defendant cannot merely attack the information contained in the PSR by making a bare denial of its accuracy . . . Only when the defendant's objection creates real doubt as to the reliability of the information in the PSR does the government have the burden of independently demonstrating the accuracy of the information.

*United States v. Sunmola*, 887 F.3d 830, 839 (7th Cir. 2018) (internal quotation and citations omitted). Petitioner has not provided any arguments regarding how the PSR statements were

9

inaccurate or unreliable. According to Mr. Schierer's affidavit, he conferred with Mr. Alvarado (who was no longer representing Petitioner), the United States Probation Office, communicated with at least three mitigation witnesses, hired a sex offender evaluator to assess Petitioner, met with Petitioner, and filed a sentencing memorandum with eleven mitigation letters prior to the sentencing hearing. ECF No. 86-2 at 2, 3. Mr. Schierer further states that he reviewed the PSR with Petitioner and Petitioner did not raise any objections. *Id.* at 4,5. Accordingly, the Court finds that counsel was not ineffective regarding any disputes related to the PSR.

The Court also finds that neither attorney was ineffective for failing to dispute the Victim Impact Statement. Crime victims have the right to be "reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771. Petitioner claims his attorneys should have "disputed facts" in the Victim Impact Statement, but he does not state what factual assertions they should have disputed. Moreover, in his allocution, Petitioner stated:

> Let me start this letter by saying that I accept full responsibility for my conduct. Being in the Peoria County Jail has given me a chance to reflect on what I have done. This lack of judgment has always and will have an affect [sic] on the person my actions impacted as well as that person's family. My selfish greed was emotionally and mentally damaging to her. All I can do is sincerely apologize and take full responsibility for my conduct. I'm truly and deeply sorry for what I have done. I want to apologize directly to this young girl for what my actions have caused her and the pain that it has caused her . . .

ECF No. 45 at 28-29. It appears that Petitioner realized the effect his actions had on the fifteen-year-old victim. Her statement was the following:

> Because of what happened, I get nervous and scared when I hear about him. I also get scared to talk about the situation. For a long time I have been having a lot of nightmares. I felt really scared and confused at the time. I always felt scared when he made me try new things. I felt like he was trying to make me do bad stuff.
>
> For the longest time, I stayed away from my friends and my family. Sometimes at home I get scared because of what happened. What makes me sad is feeling that

this is all my fault, even though I know it is not my fault. I didn't expect that I would
no longer be able to use social media to talk to my friends. It is now hard to hang
out with my friends and my sister because this has scared me so much.

*Id*. at 15-16. It is unclear what exactly Petitioner would have wanted to dispute from the victim's

aforementioned statement.

Petitioner also complains about his counsel's failure to dispute facts in the PSR regarding

"relevant conduct." ECF No. 80 at 5. Again, Petitioner has not provided any argumentation

regarding what relevant conduct he wanted to dispute in the PSR. Petitioner cannot rely on blanket

statements without providing more allegations of how counsel was ineffective in this manner. *See*

*United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) ("An ineffective assistance of counsel

claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations

of misconduct.") Accordingly, the Court does not find Petitioner's attorneys were ineffective in

failing to dispute facts in the PSR regarding "relevant conduct."

       *C.*     *Sentencing*

Under Petitioner's third ground, he states that he received ineffective assistance of counsel

during the sentencing hearing. Specifically, Petitioner complains of the following issues:

1) Counsel failed to call forth expert witness [sic] to testify pertaining to electronic
   interstate commerce

2) Counsel failed to call forth character witness in conjunction to character
   reference letters

3) Counsel failed to object to cross reference to preserve the right to contest the
   cross reference on appeal

4) Counsel failed to object to all enhancements to preserve the right to contest
   enhancements on appeal

5) Counsel failed to address criminal history points in PSR. Mr. Ingram's two
   criminal history points were traffic not criminal

ECF No. 80 at 7. The Government argues that Mr. Schierer's representation of Petitioner at sentencing was not ineffective because the supporting commentary detailed Petitioner's lack of criminal history, strong work ethic, childhood issues, and other mitigating information. As a result, according to the Government, Petitioner received a below-guidelines sentence.

The Court already addressed Petitioner's argument regarding an electronic interstate commerce expert above; therefore, it will incorporate its analysis and reasoning here.

Regarding calling character witnesses, Petitioner has not stated which witnesses or testimony was lacking from the sentencing. "Evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). "A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Id.* If Petitioner is trying to suggest that the same individuals who wrote his character reference letters should have been called as witnesses, Mr. Schierer explained that he did not call them to testify at sentencing because that would have been cumulative. ECF No. 86-2 at 3. The Court agrees.  Here, character letters were filed and the Court considered them when imposing the sentence. ECF No. 45 at 5. Therefore, the Court finds that counsel was not ineffective for failing to call character witnesses.

Petitioner claims that counsel failed to object to cross-reference; however, had counsel made any objections, there is no evidence that demonstrates the objections would have been successful. Petitioner's base offense level of 32 was used from applying a cross-reference under U.S.S.G. § 2G2.2(c)(1) that referenced § 2G2.1. ECF Nos. 27 at 12; 45 at 13, 24. Petitioner was given three two-point specific offense adjustments for a combined six additional points added to the base offense level. ECF No. 27 at 12. Those enhancements included: (1) § 2G2.1(b)(1)(B)

(involving a minor between ages of twelve and sixteen); (2) § 2G2.1(b)(2)(A) (involving sexual contact); and (3) §2 G2.1(b)(6) (involving use of computer service and Facebook to persuade, induce, entice, coerce, or facilitate the minor victim to engage in sexually explicit conduct). *Id.* The commentary following the guideline states that the cross-reference "is to be construed broadly to include all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2G2.2 n. 3.

The offense conduct involved Petitioner using Facebook Messenger and text messages to solicit the minor victim to create images and videos of her performing sexual acts. This constituted the production of child pornography, and therefore, the cross-reference was applicable. Moreover, Mr. Alvarado discussed the cross-reference with Petitioner as confirmed during the change of plea colloquy. ECF No. 44 at 7. Mr. Alvarado also states in his affidavit:

> I advised him that the cross-reference to the guideline for production of child pornography would likely apply and result in a higher advisory guideline range than usual for a conviction of this type. I specifically recall discussing this with Mr. Ingram on several occasions before he made the decision to plead guilty because it was somewhat unusual for a cross-reference to be applied. I explained what a cross-reference to another guideline meant and why it would apply to him. I further explained why it did not apply to other similar cases he may have heard about from other inmates in the Peoria County Jail, where he was housed. Mr. Ingram appeared to listen carefully to me and I had no reason to believe he did not fully understand the significance of it. In fact I specifically recall that Mr. Ingram told me early in the case that he wished to accept responsibility and plead guilty. I saw no legal basis to object to the cross-reference and I had no reason to believe his guilty plea was not knowing and voluntary.

ECF No. 86-1 at 2. Counsel's representation is assessed as a whole. *See Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). "Where an ineffective assistance claim is brought in a habeas proceeding, the petitioner must present evidence, not mere conclusory allegations." *Bolivar v.*

*United States*, No. 97-C-1236, 1999 WL 759503, at *3 (N.D. Ill. Sept. 7, 1999) (internal citation omitted). As a result of the foregoing, the Court does not find counsel ineffective for not objecting to the cross-reference.

Petitioner also fails to explain how objections to all enhancements would have changed the outcome of this case. The specific offense characteristic under § 2G2.1(b)(1)(B) allows for a two-level adjustment when the offense involves a minor who had attained the age of twelve years but not attained the age of sixteen years. Here, the victim was fifteen; therefore, this enhancement applied. The specific offense characteristic under § 2G2.1(b)(2)(A) allows for a two-level adjustment in receipt of child pornography cases when the offense involved the commission of a sexual act or contact. The PSR referenced sexual contact; however the enhancement applies whether it is a sexual act or sexual contact. *See* 18 U.S.C. § 2246(3); ECF No. 27 at 11-12.

In this matter, Petitioner taught the minor victim how to masturbate and instructed her to masturbate with the handle of a black brush. ECF No. 27 at 11. Subsequently, the minor victim took images and videos of this sexual contact and sent it to Petitioner. *Id.* Petitioner claims that "when read through the lens of doctrine such as 'noscitur a sociis' and 'ejusdem generis' it becomes obvious two party contact must take place to warrant a sexual act." ECF No. 94 at 2. However, he has not provided any citation to support this assertion. Overall, Petitioner has not shown that an objection to the cross-reference, or any sentencing enhancements, would have been meritorious. Therefore, the Court does not find counsel ineffective for not objecting to all enhancements.

Petitioner also claims that counsel failed to address criminal history points in the PSR. U.S.S.G. § 4A1.1 provides structure for assigning criminal history points to prior offenses. Petitioner's first prior offense was in 2010 for leaving the scene of an accident. ECF No. 27 at 13.

14

This incident occurred within ten years prior to Petitioner's commission of the instant offense and qualified for one point. *See* § 4A1.1(c), app. n. 3; § 4A1.2(c)(1). Petitioner's second offense was for driving under the influence in 2011. *Id*. at 14. Similarly, this offense was within the ten-year period. As a result, the Court finds Petitioner's two criminal history points were properly applied. Counsel was not ineffective for not objecting to Petitioner's criminal history points.

> D.   *Post- Sentencing*

Under Petitioner's fourth ground, he states that he received ineffective assistance of counsel post-sentencing. Specifically, Petitioner complains of the following issues:

> 1) Counsel did not inform Mr. Ingram of his right to appeal

> 2) Counsel did not meet with Mr. Ingram post sentence to discuss merits of appeal

> 3) At sentencing Mr. Ingram requested attorney to file an appeal

> 4) Attorney never respond to Mr. Ingram's request to file an appeal

ECF No. 80 at 7.

If a criminal defendant specifically requests that his counsel file a notice of appeal on his behalf, it is per se ineffective assistance of counsel for him to fail to do so. *See Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012). Even if a defendant does not request an appeal, counsel has a duty to consult with the defendant about the possibility of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). A failure to consult in one of these circumstances constitutes deficient performance. *Id.* By "consult," the court means that counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." *Id.* at 477.

15

The court considers "all the information counsel knew or should have known" when determining whether counsel had a duty to consult with the defendant about an appeal. *Id*. at 480. If the performance prong is satisfied by a failure to consult as required, a court must consider the matter of prejudice. *Id*. For the claim to be meritorious, the deficient performance must have caused the failure to appeal. *Id*. In other words, the defendant has to prove that "but for counsel's deficient performance, he would have appealed." *Id*. at 484.

At the conclusion of Petitioner's sentencing hearing, the Court advised him of his right to appeal within fourteen days of the hearing, as required by Fed. R. Crim. P. 32(j). ECF No. 45 at 44. On September 23, 2019, Petitioner filed a letter with the Court inquiring of his notice to appeal. ECF No. 34. The letter included a correspondence to Mr. Schierer asking him to file an appeal on his behalf. *Id*. On September 26 and 27, 2019, Mr. Schierer filed two docketing statements in line with his notice to appeal. ECF Nos. 37, 40. Mr. Schierer also ordered transcripts from the change of plea and sentencing hearing. ECF Nos. 38, 43. On October 16, 2019, Mr. Schierer filed a motion for voluntary dismissal of the appeal under Federal Rules of Appellate Procedure 42. ECF No. 86-3. In that filing, Mr. Schierer stated that on September 30, 2019, he had a telephone call with Petitioner where he consented to dismissing the appeal. *Id*. Mr. Schierer also attached a hand-written letter from Petitioner asking for Mr. Schierer to dismiss his appeal. ECF No. 86-4. In his letter, Petitioner stated, "[a]fter our phone counsel on October 1, 2019, I would like to withdraw from the notice to appeal. . . [a]s agreed [sic] upon there is no grounds for an appeal. Thank you for clearing up the miscommunication." *Id*. The Seventh Circuit dismissed his appeal on the same date. ECF No. 46. Additionally, Mr. Schierer expressed in his affidavit that he discussed an appeal with Petitioner, that he filed a notice of appeal on his behalf, and later dismissed the appeal with his consent. ECF No. 86-2 at 4.

16

A defendant who instructs his attorney not to appeal cannot claim deficient performance when the attorney complies with his wishes. *Roe*, 528 U.S. at 477. Based on the foregoing, Petitioner has not shown that he was prejudiced in his appeal efforts and the Court does not find counsel ineffective.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court does not find that Petitioner has made a substantial showing of the denial of a constitutional right. No claims raised before this Court have

17

presented issues debatable among reasonable jurists. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [80] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the civil case.

ENTERED this 9th day of February, 2021.

/s/ Michael M. Mihm

Michael M. Mihm
United States District Judge

18