UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ERIC INGRAM, | ) | |
| | ) | |
| Movant, | ) | Case No: 1:18-cr-10060-MMM-JEH-1 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

COMES NOW the Petitioner, Eric Ingram (Prisoner No. 22630-026), by and through undersigned counsel, and hereby submits this Memorandum of Law in Support of Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 because he is presently confined under a prison sentence which violates his Fifth Amendment right to due process.

**STATEMENT OF JURISDICTION**

Mr. Ingram is filing a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 contemporaneously with this memorandum of law. Mr. Ingram is currently incarcerated at FMC Rochester, 2110 East Center Street, Rochester, Minnesota 55904, serving a sentence of 160 months as imposed by this Court in Case No. 1:18-cr-10060-MMM-JEH.

1

Jurisdiction is vested in this district court that presided over and imposed sentence pursuant to Rule 4(a) of the Rules Governing § 2255 Proceedings. *Liteky v. United States,* 510 U.S. 540, 562 (1994).

## TIMELINESS OF MOTION

Mr. Ingram's motion is timely as it is being filed within one year of the date on which the facts supporting his claim could have been discovered through due diligence pursuant to the statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2255(f)(4). In the alternative, Mr. Ingram's motion qualifies for equitable tolling because the extraordinary circumstances of Mr. Ingram's sentence being erroneously calculated in excess of the statutory maximum is precisely the sort of particular injustice that the doctrine of equitable tolling is intended to redress. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (finding the limitation period for motions under § 2255 is subject to equitable tolling).

## STATEMENT OF THE CASE

Exhibits Attached to this Petition

- Exhibit A: Affidavit of Eric Ingram ("Ingram Aff.")

Statement of Facts and Procedural History[1]

On October 4, 2018, a criminal complaint was filed against the movant, Eric Ingram (Register No. 22630-026), for the offense of receipt of child pornography on or about July 20 and July 31, 2018. ECF 2 at 2. On October 16, 2018, a grand jury indicted Mr. Ingram of two counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). *Id.* On December 4, 2018, Mr. Ingram entered into a blind plea without the benefit of a written plea agreement. *Id.* At the change of plea hearing, the court inquired into whether Mr. Ingram was knowingly and voluntarily entering the plea, that he was giving up certain rights, and that he had no questions about the charges, possible penalties, trial rights, and consequences of the plea.[2] *Id.*

On August 20, 2019, Mr. Ingram was sentenced to 160 months imprisonment on each count to run concurrently, followed by eight years of supervised release. *Id.* At the sentencing, the court discussed Mr. Ingram's lack of criminal history, good work ethic, and strong support system. *Id.* Both parties waived full reading of the

---

[1] All citations are to the district court's civil docket 1:20-cv-01302.
[2] Trial counsel Alvarado briefly discussed the sentencing guidelines with Mr. Ingram, how a cross-reference applied, and the possible sentence he would receive should he go to trial, strongly advising against taking the case to trial. This was the basis for his open plea. Mr. Ingram followed Attorney Alvarado's advice under the belief he had no other choice. Ingram Aff. pp. 1-2.

supervised release conditions, and the court advised Mr. Ingram of his right to appeal. *Id.*

On September 23, 2019, Mr. Ingram submitted a letter to the court that was filed as a notice of appeal. *Id.* On October 16, 2019, Mr. Ingram's counsel, Mr. Schierer, filed a motion for voluntary dismissal, and this Court subsequently dismissed the appeal. *Id.* On August 24, 2020, Mr. Ingram filed a § 2255 motion. *Id.* On November 21, 2020, the government filed a response, to which Mr. Ingram filed his reply on January 11, 2021. *Id.* at 2-3.

The district court entered its Order and Opinion denying Mr. Ingram's motion on February 9, 2021, concluding that Mr. Ingram was not entitled to an evidentiary hearing despite factual inconsistencies presented upon the record. *Id.* at 3-4. The district court also declined to certify any issues for appeal, finding that Mr. Ingram failed to make a substantial showing of the denial of a constitutional right and that jurists of reason would not find the district court's conclusion to be debatable. *Id.* at 17-18. On March 2, 2021, Mr. Ingram filed a timely notice of appeal of the Court's denial of his § 2255 motion requesting the appellate court to issue a certificate of appealability. The Seventh Circuit denied a certificate of appealability on March 31, 2021. This motion follows.

## GROUNDS OF UNCONSTITUTIONALITY OF
## PETITIONER'S CONVICTION AND SENTENCE

Mr. Ingram is currently being confined under an illegal sentence in excess of the statutory maximum due to an erroneously applied cross-reference under U.S.S.G. § 2G2.2(c)(1) for production of child pornography without any proof by the government that Mr. Ingram produced any such material. Instead of a proper base offense level of 22 under § 2G2.2, Mr. Ingram's base offense level was calculated at 32 under § 2G2.2(c)(1). As a result, Mr. Ingram was sentenced to 160 months on each count, to be served concurrently, based on a total offense level of 35 and a criminal history of II, which exceeds the recommended range of 63-78 months for the correct total offense level of 25 - absent the erroneous enhancement - with the same criminal history. A federal prisoner claiming the right to relief upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The district court must grant such relief if it determines that the sentence imposed was not authorized by law. *Id.* § 2255(b).

**I.    MR. INGRAM IS BEING CONFINED UNDER AN ILLEGAL SENTENCE IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS.**

Mr. Ingrams's sentence violates his constitutionally guaranteed right to due process. There is no doubt that a sentence that is not authorized by law is certainly an "actual and substantial disadvantage" of "constitutional dimensions. *United*

*States v.* Frady, 456 U.S. 152, 170 (1982). The Supreme Court has "made clear beyond peradventure" that "due process protections extend…to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence." *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000)); *see In re Winship*, 397 U.S. 358, 359 (1970) (the Federal Constitution guarantees a criminal defendant "the essentials of due process and fair treatment"). Indeed, "due process requires that the sentence for the crime of conviction not exceed the statutory maximum." *Id.*

"[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 477. The *Apprendi* court therefore concluded that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Id.* at 490.

Here, Mr. Ingram was charged by indictment of two counts of ***receipt*** of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1).[3] ECF 13. He pleaded guilty to both counts. Mr. Ingram was never charged with nor pleaded guilty to ***production*** of child pornography. At sentencing, however, the

---

[3] Mr. Ingram was never apprised of the details of his indictment. He was entirely unaware of the contents of the statute under which he was charged and the contents of the underlying indictment. Ingram Aff. p. 1.

government argued that Mr. Ingram should be sentenced under the cross-reference provisions of section 2G2.2 for *production*. *See* Sentencing Tr., ECF 45, p.7:9-13 ("The cross-reference in this case under the Sentencing Guidelines Section 2G2.2 for production applies and the government believes that every bit of that cross-refence is appropriate as well as the enhancements as outlined in the PSR."). This Court agreed with the government's assessment and adopted the PSR's base offense level calculation of 32 under § 2G2.2(c)(1) without any proof by government that Mr. Ingram produced any visual depictions. As a result, Mr. Ingram was sentenced to 160 months on each count, to be served concurrently, based on a total offense level of 35 and a criminal history of II.

Under the correct Guidelines calculation, Mr. Ingram's base offense level for the charged crimes of violation of 2252A(a)(2)(A) and 2252A(b)(1) for *receipt* of child pornography should have been 22 under § 2G2.2. U.S.S.G. § 2G2.2(a). With a base offense level of 22 and all other calculations remaining the same, Mr. Ingram's correct total offense level should have been 25 with a criminal history of II. Accordingly, his recommended guidelines range should have been 63-78 months. Instead, because this Court adopted the § 2G2.2(c)(1) cross-reference for *production*, as recommended by the government without any charge by indictment or any affirmative showing that Mr. Ingram indeed produced any violative material, Mr. Ingram was sentenced at a total offense level of 35 with the same criminal

history points. Mr. Ingram's resulting sentence imposed by this Court was 160 months on each count, to be served concurrently. ECF 32. Mr. Ingram's current sentence, based on a finding of production - for which he was not charged and the government provided no evidence - exceeds the appropriate Guidelines range by more than double. Mr. Ingram's current sentence therefore violates the Fifth Amendment; his sentence for his crime of conviction grossly exceeds the statutory maximum.

In sum, Mr. Ingram is now serving a prison sentence that is repugnant to the due process guarantees of the Federal Constitution. This Court should therefore find that due process requires Mr. Ingram's sentence to be vacated and that he be resentenced within the correct Guidelines range. To hold otherwise would result in significant constitutional error and a fundamental miscarriage of justice.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, this Court should grant this motion to reduce Mr. Ingram's sentence.

WHEREFORE, the Movant prays that this Court:

(A) Issue an Order vacating his current sentence and reopen his case for resentencing; or, in the alternative,

(B) Set this matter for an evidentiary hearing on the issues raised herein; and

(C) Grant such other and further relief as this Court may deem just, proper, and equitable.

Dated: August 11, 2021.

                                           Respectfully submitted,

                                           */s/ Robert L. Sirianni, Jr., Esq.*
                                           Robert L. Sirianni, Jr., Esq.
                                           BROWNSTONE, P.A.
                                           PO BOX 2047
                                           Winter Park, FL 32790
                                           Telephone: (407) 388.1900
                                           Facsimile: (407) 622-1511
                                           robertsirianni@brownstonelaw.com
                                           *Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*/s/ Robert L. Sirianni, Jr., Esq.*
Robert L. Sirianni, Jr., Esq.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in 14-point Times New Roman Font. The foregoing brief motion with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because it is 5,200 words.

*/s/ Robert L. Sirianni, Jr., Esq.*
Robert L. Sirianni, Jr., Esq.

# EXHIBIT A

# AFFIDAVIT OF ERIC INGRAM

11

# AFFIDAVIT OF
# ERIC OL. INGRAM

[This document will be submitted to the Court as an attachment. Please print legibly]

I, Eric L. Ingram, being over the age of 18 years of age and of sound mind, hereby state the following:

To the best of my recollection I do not remember Attorney Alvarado specifically going over the details of the indictment with me. Nobody had explained or defined the contents of the charged statute with me. At that point I had no idea what was said in the indictment. Attorney Alvarado did briefly discuss with me the Sentencing guidelines, how a cross-reference was applied, and the possible sentence I would

Page | 1

**EXHIBIT A**

recieve should I go on to trial. Attorney Alvarado strongly advised against taking the case to trial. This was the basis for the open plea of guilty. At all times I listened to Attorney Alvarado's advice and acted to his advice accordingly. I felt as if I had no other choice but to follow his advice.

### UN-NOTARIZED
### AFFIDAVIT

Further Affiant sayeth not. Under penalties of perjury, I declare that I wrote the attached affidavit, have personal knowledge of the facts and matters therein set forth and alleged, and I hereby swear and affirm that the facts stated in it are true. I hereby authorize my attorney, Robert L. Sirianni, Jr., Esquire to file this affidavit as an attachment to my court documents.

_Eric L. Ingram_
Signature

_Eric L. Ingram_
Print Name

_5/30/2021_
Dated

Un-Notarized Affidavit                                                        LAST PAGE